1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST TOMBOURA WOODRUFF, | 1:09-cv-00053-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A § 1983 CLAIM, WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 17.) |
| PLEASANT VALLEY STATE PRISON, et al., | |
| Defendants. | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |
| | ORDER DIRECTING CLERK TO SEND PLAINTIFF A HABEAS CORPUS PETITION FORM |

_____/

## I.    RELEVANT PROCEDURAL HISTORY

Earnest Tomboura Woodruff ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2008 at the United States District Court for the Northern District of California. (Doc. 1.) The case was transferred to the Eastern District of California on January 8, 2009. (Doc. 4.) On September 8, 2009, the Court issued an order dismissing the Complaint for

1

1  failure to state a claim, with leave to amend. (Doc. 15.) On November 16, 2009, Plaintiff filed an

2  Amended Complaint, which is presently before the Court for screening. (Doc. 17.)

3        On January 23, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and

4  no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of

5  the Local Rules of the Eastern District of California, the undersigned shall conduct any and all

6  proceedings in the case until such time as reassignment to a District Judge is required. Local Rule

7  Appendix A(k)(3).

8  **II.  SCREENING REQUIREMENT**

9        The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

11  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

14  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

15  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

16  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

17        A complaint is required to contain only "a short and plain statement of the claim showing that

18  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

19  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

21  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now]

22  face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009),

23  and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted

24  inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

25  marks and citation omitted).

26  **III.  SUMMARY OF AMENDED COMPLAINT**

27        Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. At the

28  time of the events at issue in the complaint, Plaintiff was incarcerated at Pleasant Valley State Prison

1 in Coalinga, California.  Plaintiff names three defendants:  Correctional Officer ("C/O") S. Daley,

2 Sergeant ("Sgt.") B. Huyck, and Lieutenant ("Lt.") M. D. Steele ("Defendants").

3      Plaintiff's Amended Complaint alleges as follows.  On January 30, 2008, Sgt. B. Huyck

4 assigned Plaintiff from a lower bunk to an upper bunk and ordered him to move.  Sgt. B. Huyck

5 should have known, from Plaintiff's medical records, that Plaintiff had a medical "chrono" approving

6 him for a lower bunk because he is a sleepwalker.  Plaintiff refused to move to the upper bunk and

7 was issued a CDC 115 Rules Violation Report (RVR).

8      The next day, January 31, 2008, Sgt. B. Huyck hand-delivered a copy of Plaintiff's active

9 "chrono" to him.  Plaintiff was then assigned to a different lower bunk than he had before, even

10 though his previously-assigned lower bunk was available.  This was annoying to Plaintiff and served

11 no legitimate purpose.

12      C/O S. Daley failed to do a thorough investigation into Plaintiff's medical records, resulting

13 in Plaintiff being assigned to the upper bunk.

14      Lt. M.D. Steele, the senior hearing officer at Plaintiff's disciplinary hearing, heard Plaintiff's

15 side of the story and rendered a guilty verdict, ordering mandatory drug testing for one year and

16 ninety days loss of visitation followed by ninety days of non-contact visitation.  Plaintiff's immediate

17 family members live in Oklahoma but were in California at the time and could not visit Plaintiff, due

18 to his loss of visitation privileges.  Plaintiff was also penalized by a gain of fifty-three points, causing

19 him to be transferred from a Level 3 prison to a Level 4 prison.

20      Plaintiff brings claims for violation of the Eighth Amendment, violation of due process, and

21 harassment.  Plaintiff requests injunctive relief and/or monetary damages.

22 **IV.   PLAINTIFF'S CLAIMS**

23      The Civil Rights Act under which this action was filed provides:

24        Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation

25        of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,

26        or other proper proceeding for redress.

27 42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

28 Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Official Capacity

Plaintiff brings this action against Defendants in their official and individual capacities. Plaintiff may not bring suit against Defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Accordingly, Plaintiff fails to state a claim for damages against any of the Defendants in their official capacities.

### B.   Violation of Penal Code

Plaintiff alleges that Defendants harassed him in violation of Penal Code 502 and violated his rights to due process under Penal Code 134.  These allegations suggest that Plaintiff seeks to bring a criminal action against Defendants. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney, 119 F.3d at 1391 (internal quotations omitted). A § 1983 action is a civil action brought under the Civil Rights Act.  As a rule, civil actions may be started by individuals, but criminal actions may only be started by the state and not by individuals. Indeed, with limited exceptions, none of which applies to §1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen.  Therefore, Plaintiff is unable

to bring a criminal action under § 1983 against Defendants for violation of the Penal Code, and he fails to state a claim for harassment or due process violations under the Penal Code.

### C.   Eighth Amendment Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id.

Plaintiff alleges that defendants Sgt. B. Huyck and C/O S. Daley are liable for their failure to check his medical records to determine whether he had an active medical "chrono" for a lower bunk, before assigning him to an upper bunk and ordering him to move. Plaintiff has not alleged facts demonstrating that any of the defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state a claim for cruel and unusual punishment under the Eighth Amendment.

### D.   Injunctive Relief

Plaintiff requests injunctive relief via an order dismissing the Defendants from state service. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is

narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Moreover, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at Pleasant Valley State Prison in Coalinga, California, and Plaintiff is no longer housed at Pleasant Valley State Prison. Based on the nature of the claims at issue in this action, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

### E.     Due Process

Plaintiff alleges that his rights to due process were violated when he was found guilty of a rules violation and was denied visitation privileges, ordered to participate in mandatory drug testing for one year, penalized by a gain of fifty-three points, and transferred from a Level 3 prison to a Level 4 prison.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

///

///

### *Visitation*

It is settled law that prisoners have no absolute right to unfettered visitation. <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460 (1989); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996). Prisoners also have no right to contact visitation. <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); <u>Casey v. Lewis</u>, 4 F.3d 1516, 1523 (9th Cir. 1993); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1113-114 (9th Cir. 1986), abrogated on other grounds by <u>Sandin</u>.  Here, Plaintiff alleges that he was penalized by ninety days loss of visitation followed by ninety days of non-contact visitation.  Plaintiff complains that his immediate family members were not able to visit him, due to his loss of visitation privileges. Plaintiff has not sufficiently described a loss of visitation privileges to establish the existence of a protected liberty interest.  Therefore, Plaintiff fails to state a due process claim for loss of visitation privileges.

### *Prison Transfer*

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another.  <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>see also</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983).  Here, Plaintiff alleges that he was transferred from a Level 3 prison to a Level 4 prison.  Plaintiff has not alleged facts demonstrating that the transfer established the existence of a protected liberty interest.  Therefore, Plaintiff fails to state a due process claim for his prison transfer.

### *Mandatory Drug Testing and Gain of Points*

Plaintiff alleges that he was ordered to submit to mandatory drug testing for one year and penalized by a gain of fifty-three points.  Plaintiff has not alleged facts demonstrating that these penalties established the existence of a protected liberty interest.  Moreover, even if Plaintiff could show that he has a liberty interest, Plaintiff has not established that he was not provided all of the process he was entitled to under federal law.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the

prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.   As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).   "Some evidence" must support the decision of the hearing officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ."  Id. at 455-56 (emphasis added).

Here, Plaintiff alleges that a disciplinary hearing was held during which he was permitted to tell his side of the story.  Plaintiff does not claim, or allege facts demonstrating, that the five procedural requirements under Wolff were not met or that there was no evidence against him. Therefore, Plaintiff fails to state a due process claim for mandatory drug testing or gain of points.

## F.    Habeas Corpus

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary

8

1  hearings.  In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional

2  conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of

3  plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can

4  demonstrate that the conviction or sentence has previously been invalidated.  <u>Heck</u>, 512 U.S. at 487.

5  In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the

6  procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no

7  injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such

8  that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.

9  <u>Balisok</u>, 520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of

10  the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.

11  <u>Heck</u>, 512 U.S. at 487; <u>Preiser</u>, 411 U.S. at 500.

12      Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of

13  a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect

14  of invalidating the result of a disciplinary hearing.  The Ninth Circuit applied the <u>Balisok</u> rule to a

15  case in which a prisoner sought damages based on allegations that prison officials relied on false

16  information to find him ineligible for parole.  <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997).

17  Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could

18  not accrue until the conviction or sentence had been invalidated.  <u>Id.</u>

19      In the instant case, Plaintiff's core factual allegations are that he was denied due process

20  during a disciplinary hearing, found guilty of a rules violation, and denied visitation privileges,

21  ordered to participate in mandatory drug testing for one year, penalized by a gain of fifty-three

22  points, and transferred from a Level 3 prison to a Level 4 prison. Because Plaintiff's claim

23  necessarily implies the invalidity of the result of the prison disciplinary hearing, success on the claim

24  would reduce Plaintiff's points, invalidating the duration of Plaintiff's confinement.  Therefore,

25  Plaintiff's § 1983 claim cannot accrue until the disciplinary conviction or sentence has been

26  invalidated.  Plaintiff does not allege that his disciplinary conviction or sentence has been

27  invalidated. Thus, Plaintiff's only federal remedy is a writ of habeas corpus. Accordingly, Plaintiff

28  shall be granted an opportunity to file a petition for writ of habeas corpus.

9

1   **V.     CONCLUSION**

2        The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which

3   relief can be granted under § 1983 against any of the defendants.  In this action, the Court previously

4   granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.   Plaintiff has

5   now filed two complaints without alleging facts against any of the defendants which state a claim

6   under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured

7   by amendment, and therefore further leave to amend should not be granted.   28 U.S.C. §

8   1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, the Court

9   finds that Plaintiff may be able to state a habeas corpus claim.   Therefore, this action shall be

10  dismissed without prejudice to filing a petition for writ of habeas corpus.

11       If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and separate

12  action.  The Clerk shall send Plaintiff a habeas corpus petition form for Plaintiff to complete and

13  return to the court.  Plaintiff should not refer to the case number of this civil rights complaint.  When

14  the habeas corpus petition is received by the Court, the Clerk will assign a new case number.

15       Based on the foregoing, it is HEREBY ORDERED that:

16       1.      This action is DISMISSED in its entirety for failure to state a claim upon which relief

17              may be granted under § 1983, without prejudice to filing a petition for writ of habeas

18              corpus;

19       2.      The Clerk shall send Plaintiff a habeas corpus petition form;

20       3.      If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and

21              separate action as instructed above;

22       4.      The dismissal of this § 1983 civil rights action counts as a strike pursuant to 28

23              U.S.C. § 1915(g); and

24       5.      The Clerk is directed to close this case.

25

26       IT IS SO ORDERED.

27       **Dated:    March 9, 2011**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
28